**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOMETOWN BUFFET, INC.,<br><br>Defendant. | CASE NO. 06cv2150 JM(JMA)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY ADJUDICATION; GRANTING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY ADJUDICATION |

Defendant Hometown Buffet ("HTB") moves for summary judgment, or partial summary adjudication, on the issue of whether Plaintiff United States Equal Employment Opportunity Commission ("EEOC") satisfied its statutory obligation to conciliate prior to commencing this action. Plaintiff EEOC opposes the motion and separately moves for a finding that the EEOC met the condition precedent of conciliation. For the reasons set forth below, the court finds that the EEOC discharged its statutory obligation to conciliate prior to filing the present action. Accordingly, the court denies HTB's motion for partial summary adjudication and grants EEOC's cross motion for partial summary adjudication.

**BACKGROUND**

On September 29, 2006 the EEOC commenced this action alleging that HTB subjected Charging Parties Yesica Owen, Eliza Navarette, and other similarly situated individuals, to sexual harassment/hostile work environment on the basis of sex, female. (Compl. at p.1). The EEOC alleges that HTB engaged in unlawful employment practices since October 2002, in violation of Section

1  703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The sexual harassment included "unwanted physical
2  touching and/or sexually charged and/or suggestive speech and/or conduct." (Compl. ¶10). The effect
3  of the allegedly wrongful conduct adversely affected the Charging Parties status as employees,
4  because of their sex. (Compl. ¶12). The EEOC also alleges that it satisfied "[a]ll conditions precedent
5  to the filing of this action." (Compl. ¶9).

6  On January 28, 2005 the EEOC received a charge of discrimination from Yesica Owen against
7  HTB. Following an investigation into the Owen charge, which included requesting information from
8  HTB, on October 3, 2005 HTB received a determination letter from the EEOC, finding reasonable
9  cause to believe that Owen, and similarly situated individuals, were subject to sexual harassment and
10 sex-based harassment while employed at HTB. (Def. Exh. 8). On or about December 9, 2005 HTB
11 received a conciliation proposal from the EEOC. (Def. Exh. 9). Among other things, the proposal
12 sought maximum statutory penalties of $300,000 per individual impacted by HTB's alleged
13 discriminatory practices, lost wages for the employees, and injunctive relief to remedy the perceived
14 alleged discriminatory practices. (Def. Exh. E).

15 Mr. Hanneman, in-house counsel for HTB, carried out discussions with the EEOC regarding
16 the conciliation proposal. Mr. Hanneman explained that his investigation failed to reveal an
17 evidentiary basis for the award to the putative plaintiffs. (Hanneman Decl. ¶20). Mr. Hanneman
18 requested specific facts supporting the charge but was informed that the EEOC was not in a position
19 to comply with this request. Id. During a conversation between Mr. Hanneman and counsel for the
20 EEOC on January 17, 2006, Mr. Hanneman was again informed that the EEOC had concluded that
21 "egregious discrimination" had taken place at HTB but that it was unable to provide more specific
22 information regarding the claims. (Hanneman Decl. ¶21). At that time, Mr. Hanneman noted that
23 "due to the EEOC stance, it did not appear [the charges] could be resolved through conciliation." Id.

24 On June 12, 2006 HTB received another determination letter regarding Navarette and, on July
25 17, 2006, HTB received a conciliation proposal, similar to the proposal received with respect to Ms.
26 Owen. Shortly thereafter, on August 2, 2006, HTB received another letter from the EEOC indicating
27 that unless a counter proposal were submitted within ten business days, the EEOC would assume that
28 attempts at conciliation had failed. (Def. Exh. 12).

1    On August 28, 2006, HTB's outside counsel, Mr. Hoge, contacted the EEOC and informed the EEOC that HTB required additional information to rationally assess the discrimination charges. (Hoge Decl. ¶3). When asked by Mr. Hoge whether a relatively small conciliation amount such as $500 would have been sufficient to keep the case in the conciliation process, the EEOC did not directly respond but indicated that the matter would be referred to the EEOC's legal department. Id. On September 29, 2006, the EEOC commenced the present action.

HTB now moves for partial summary adjudication on the issue of whether the EEOC satisfied its duty to conciliate prior to commencing this action. The EEOC opposes the motion and separately moves for summary adjudication in its favor.

## DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); British Airways Bd. v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**The Motion**

Under Title VII, the EEOC has a statutory duty to conciliate prior to instituting an action against an employer for discriminatory practices.

> If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by conference, conciliation, and persuasion.

42 U.S.C. § 2000e-5(b). Conciliation is a condition precedent that the EEOC must satisfy before filing suit. EEOC v. Pierce Packing Co., 669 F.2d 605, 607 (9th Cir. 1982). In the event the court finds that the EEOC failed to adequately conciliate the claims, the remedy is to stay the action in order to allow the EEOC an opportunity to comply with its statutory conciliation duties. EEOC v. Zia Company, 582 F.2d 527, 533 (10th Cir. 1978) (in the event court finds conciliation efforts inadequate, district court should stay the proceedings pending "further conciliation efforts"); EEOC v. California Teachers Ass'n, 534 F.Supp. 209, 213 n.3 (N.D. Cal. 1982) ("sufficiency of a conciliation effort does not present a jurisdictional question, so long as a conciliation attempt has been made").[1]

The threshold issue before the court concerns the standard of review applied to the agency's conciliation process. HTB generally argues that the court should apply the Fifth Circuit's legal standard to determine whether the EEOC was reasonable in its stance during the conciliation process. See EEOC v. Klingler Electric Corp., 636 F.2d 104, 107 (5th Cir. 1981) ("The fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances."); EEOC v. Asplundh Tree Expert Co., 340 F.3d 1256, 1259 (11th Cir. 2003). The other view, expressed by the Sixth and Tenth Circuits, instructs that the district court should not consider the details of the parties' negotiations, but, rather should focus on whether the EEOC provided the employer an opportunity to confront all the issues. See Zia, 582 F.2d at 533; California Teachers Ass'n, 534 F.Supp. at 212; EEOC v. KECO Ind., 748 F.2d 1097, 1102 (6th Cir. 1984) ("The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.").

---

[1] At the time of oral argument the court questioned both parties whether further conciliation efforts would likely prove fruitful. Given the tenor of counsel's responses, the court concludes that further conciliation efforts would not likely prove productive.

The plain language of the statute does not identify a standard of review to be applied to the EEOC's administrative conduct, procedures, and determinations. In the absence of binding Ninth Circuit authority, the court concludes that relevant legislative history intended substantial discretion to be vested in the EEOC. The statutory scheme provides that the EEOC should continue with the process of conciliation until such times as it is "unable to secure from the respondent a conciliation acceptable to the Commission. . . ." 42 U.S.C. 2000e-5(f)(1). Further, an effort by the Senate in 1972 to require judicial review of the EEOC's determinations of "acceptable" agreements was soundly rejected as unworkable. 118 Cong.Rec 3807 (Feb. 14, 1972); EEOC v. Sears, Roebuck, 504 F.Supp. 241, 262 (N.E. Ill 1980). Federal courts also generally accord deference to an agency's administrative decisions, rule-making, and operating procedures, as well as to their interpretations of the governing statute. See, e.g., United States v. Riverside Bayview Homes, Inc., 474 U.S. 121 (1985) ("[a]n agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable and not in conflict with the expressed intent of Congress"); American Trucking Assoc. v. L.C.C., 722 F.2d 1243, 1248 (5th Cir.1984) (stating that "[e]ven if an agency's interpretation would not be the one we would adopt if looking at a statute completely afresh, we ordinarily accept that agency's interpretation of its own statute if the interpretation 'has a reasonable basis in law' "); Chemical Mfrs. Ass'n v. Natural Resources Defense Council, Inc., 470 U.S. 116, 125 (1985) (The view of the agency charged with administering the statute is entitled to considerable deference; and to sustain it, we need not find that it is the only permissible construction that the agency might have adopted but only that the agency's understanding of this very "complex statute" is a sufficiently rational one to preclude a court from substituting its judgment for that of the agency.). Finally, deference to the EEOC's determinations is consistent with the Administrative Procedures Act which provides that an agency's actions, findings, and conclusions should be set aside if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706).

Here, applying a deferential standard of review to the EEOC's conciliation efforts, there is substantial evidence to support a finding that the EEOC satisfied the statutory condition precedent

///

///

ofconciliation.[2] The record indicates that the EEOC invited HTB to conciliate both the Owen and Navarette charges of discrimination over an eight month period of time, (DUF, 3, 14-18, 22, 24); HTB received letters from the EEOC providing notice that it had found reasonable cause to believe that the Charging Parties were subjected to sexual harassment and sex-based harassment while employed at the El Cajon restaurant, (DUF 11, 25); HTB was provided with an opportunity to conciliate the charges of discrimination, (DUF 13, 27); HTB was provided notice of the type of monetary and injunctive relief sought by the EEOC, (DUF 9, 12, 13, 27); and HTB was notified, on or about August 21, 2006, that it deemed conciliation efforts futile. (DUF 30). This evidence supports the court's finding that the EEOC complied with its conciliation obligations by providing HTB with an opportunity to confront the discrimination related charges.

HTB contends that the EEOC's position in seeking the maximum statutory limits and nationwide injunctive relief was unreasonable because, among other things, the EEOC failed to provide sufficient specific facts to support the discrimination determination and the information provided to HTB failed to provide insight into the identity of the supposed similarly situated employees. The court is sympathetic to HTB's arguments that the EEOC could have done more to facilitate conciliation. The court notes that the EEOC's rigid and preemptive attitude (i.e. requesting maximum statutory penalties of $300,000 per employee based solely upon conclusory and unidentified evidence) did not serve as an effective conciliation technique. The court is also mindful, however, that in the period of several months following the parties' initial efforts at conciliation in January 2006 until the failure of the conciliation efforts in August 2006, HTB never presented a counter proposal to resolve the EEOC's charges. Notwithstanding, it is not the role of this court to assess the reasonableness of the EEOC's efforts. This court's role is limited to reviewing whether the EEOC's efforts afforded the employer an opportunity to confront the issues. The form and substance of the EEOC's conciliation efforts "is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." KECO, 748 F.2d at 1102. As set forth above, the EEOC minimally complied with its conciliation obligations.

---

[2] The court notes that HTB alternatively argues that even if the deferential standard is employed by the court, the EEOC still did not adequately conciliate.

Finally, HTB's arguments fail to establish that the EEOC acted in bad faith or otherwise failed to discharge its statutory duties.  Furthermore, to the extent that the discrimination claims are not sufficiently flushed out, HTB is entitled to conduct discovery to defend itself against the EEOC's charges.

In sum, the court denies HTB's motion for partial summary adjudication and grants EEOC's motion for partial summary adjudication on whether the EEOC satisfied the conciliation requirement of Title VII.

**IT IS SO ORDERED.**

DATED:  March 6, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties