# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>HOMETOWN BUFFET, INC.,<br><br>　　　　　Defendant. | CASE NO. 06cv2150 JM(JMA)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY ADJUDICATION |
|---|---|

　　　Defendant Hometown Buffet ("HTB") moves for partial summary adjudication on the issue of whether liability may be established against it for the rape of one of its employees by another employee. Plaintiff United States Equal Employment Opportunity Commission ("EEOC") opposes the motion. For the reasons set forth below, the motion for summary adjudication is denied.

## BACKGROUND

　　　On September 29, 2006 the EEOC commenced this action alleging that HTB subjected Charging Parties Yesica Owen, Eliza Navarette, and other similarly situated individuals, to sexual harassment/hostile work environment on the basis of sex, female. (Compl. at p.1). The victim of the rape, Julia Lopez, is included within the class of female employees. The EEOC alleges that HTB engaged in unlawful employment practices since October 2002, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The sexual harassment included "unwanted physical touching and/or

1  sexually charged and/or suggestive speech and/or conduct." (Compl. ¶10). The effect of the allegedly
2  wrongful conduct adversely affected the Charging Parties status as employees, because of their sex.
3  (Compl. ¶12).

4        The background facts concerning the rape are largely undisputed. In October 2002, Ms. Lopez and Mr. Carzola were coworkers at the El Cajon Hometown Buffet restaurant. Neither had supervisory authority over the other. Mr. Carzola worked in the bakery department. A few days prior to October 10, 2002, Ms. Lopez took her apartment keys to work but discovered them missing when she returned home that evening. In the early morning hours of October 10, 2002, Mr. Carzola entered Ms. Lopez' apartment, apparently with the keys he had taken from her a few days earlier. Mr. Carzola, who had covered his face and attempted to disguise his voice, brandished a knife and threatened to kill Ms. Lopez. He then dragged her into the living room, tied her hands, and again threatened to kill her and her young son. Mr. Carzola then raped Ms. Lopez. Ms. Lopez testified at trial that she recognized the knife from the restaurant bakery because it had a "B" and "A" carved into the handle. On or about October 14, 2002 Mr. Carzola was arrested and subsequently found guilty by jury verdict and sentenced to 42 years to life in prison.

16        HTB now moves for summary adjudication as to HTB's liability for Ms. Lopez' rape on the ground that there are no genuine disputed issues. EEOC opposes the motion.

**DISCUSSION**

**Legal Standards**

20        Rule 56(d) permits the court to "determine what material facts are not genuinely at issue," Rule 56(d)(1), and to render partial judgment "on liability alone, even if there is a genuine issue on the amount of damages." Rule 56(d)(2). A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©); British Airways Bd. v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with

1    affidavits or other similar materials <u>negating</u> the opponent's claim." <u>Id.</u> (emphasis in original). The
2    opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the
3    pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and
4    admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> at 324
5    (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported
6    by factual data. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

7    **The Motion**

8    At the outset the court notes that several issues arise from the rape - - only one of which is
9    addressed in this order. As noted by EEOC, the major flaw with Defendant's motion is that there is
10   no theory of liability asserted by which the rape may be imputed to HTB. As noted by the court
11   below, evidence of the rape, however, may have some bearing on EEOC's hostile work environment
12   claim.

13   To determine whether a work environment is sufficiently hostile to violate Title VII of the
14   Civil Rights Act of 1963, 42 U.S.C. §2000e <u>et seq</u>., the analysis requires a review of "all the
15   circumstances, including the frequency of the discriminating conduct; its severity; whether it is
16   physically threatening or humiliating, or a mere offense utterance; and whether it unreasonably
17   interferes with an employee's work performance." <u>Little v. Windermere Relocation, Inc.</u> 301 F.3d
18   958, 966 (9th Cir. 2002) (quoting <u>Clark County Sch. Dist. v. Breeden</u>, 522 U.S. 268, 270 (2001)). In
19   <u>Little</u>, the plaintiff, as a part of her conditions of employment, was required to develop relationships
20   with potential clients which included after work hours activities. Little accepted a client's invitation
21   to "discuss the account at a restaurant." <u>Id.</u> at 964. After dinner she was raped by one of defendant's
22   clients. When Little informed the Vice President of Operations she was told to try and put the incident
23   behind her. When she informed the company's president, he stated that "he did not want to hear
24   anything about it." <u>Id.</u> at 965. Little then had her salary cut by one third. The district court granted
25   summary judgment in favor of the employer on all claims, including the hostile work environment
26   claim. The Ninth Circuit reversed noting that the supervisors' conduct "would have made a
27   reasonable woman feel that her work environment had been altered" because "out-of-office meetings
28   with potential clients was a required part of the job." <u>Id.</u> The Ninth Circuit noted that the employer

1  effectively condoned the rape and that this evidence raised genuine issues of material fact concerning
2  the hostile work environment claim.

3  Here, in contrast to <u>Little</u> where plaintiff's claim rested almost entirely upon circumstances
4  related to the rape and the employer's reactions to the rape, the EEOC comes forward in this case with
5  substantial evidence of repeated improper touching, name calling and other incidents, viewed in the
6  best light to the EEOC, (Dwyer Decl.; Lopez Decl.), which could be construed as acts of sexual
7  harassment. Further, unlike <u>Little</u>, the parties fail to identify any evidence that HTB condoned the
8  rape or that HTB discouraged Ms. Lopez from remaining on the job or otherwise altered the work
9  environment.

10  The court concludes that HTB's motion for summary adjudication under Rule 56(d) misses
11  the mark. The claim asserted against HTB seeks to establish liability for creating a hostile work
12  environment, and not a claim for rape. The evidentiary value of the rape, if any, as it applies in the
13  present case is a different issue. That is, whether evidence of the rape is admissible by either party
14  is an issue better addressed at the time of the hearing on motions <u>in limine</u>. Consequently, the court
15  denies the motion.

16  In sum, the court denies the motion for partial summary adjudication.

17  **IT IS SO ORDERED.**

18  DATED: August 6, 2008

19  _____
20  Hon. Jeffrey T. Miller
    United States District Judge

21  cc:        All parties