Anna Y. Park (164242)
Connie Liem (791113)
Lorena Garcia (234091)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles CA 90012
Telephone: (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Charles T. Hoge (110696)
Lauren Butz (246668)
KIRBY NOONAN LANCE & HOGE LLP
600 West Broadway, Suite 1100
San Diego, CA  92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593
Email: choge@knlh.com

Attorneys for Defendant
HOMETOWN BUFFET, INC., et. al.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>HOMETOWN BUFFET, INC., and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 06 CV 2150<br><br>**[PROPOSED] CONSENT DECREE; ORDER** |

# I.

# **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Hometown Buffet, Inc., and its affiliates ( collectively "Defendant" or "Joint Debtors") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Amended Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

A.      In September 2006, the Commission filed this action with case number Civil Action No. 06 CV 2150 ("Lawsuit"), alleging that Yesica Owen, Eliza Navarrette aka Ana Luisa Arimendiz, and other similarly situated individuals (Julia Lopez, Eva Chavez, Amy Dwyer, Samantha Sisk, and Vanessa Sisk) (hereafter "Charging Parties") were subjected to sexual harassment.   Specifically, the EEOC alleges that since at least 1999 and continuing through the present, Defendant has been subjecting a class of female employees including Yesica Owen, Eliza Navarrette aka Ana Luisa Arimendiz, Julia Lopez, Amy Dwyer, Eva Chavez, Samantha Sisk, Vanessa Sisk, and other similarly-situated individuals, to harassment that is verbal, physical, and visual that were sexual in nature in violation of Section 703(a) of Title VII.  Defendant denies the allegations.

B.      On January 22, 2008, Defendant and its affiliates commenced cases under Chapter 11 and Title 11 of the United States Bankruptcy Code in the United States

Bankruptcy Court for the District of Delaware ("Bankruptcy Court") and are

pending under the caption Buffets Holdings, Inc., et al., case no. 08-10141 (MFW)

("Bankruptcy Case" or "Bankruptcy Proceeding" ). The Claimants and the EEOC

have filed proofs of claims in the Bankruptcy proceeding for the monetary portions

of the case.

II.

### PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The parties to this Consent Decree ("Decree") are the EEOC and Defendant

Hometown Buffet, Inc.  The EEOC and Defendant wish to avoid the risks,

uncertainties and expenses of continued litigation.  Accordingly, the Parties have

agreed to settle this Action. Nothing herein shall be construed as an admission by

Defendant.

B.     This Decree shall encompass Defendant's restaurant located in El Cajon,

California.

C.     This Decree shall be binding on and enforceable against Defendant and

its affiliates, officers, directors, agents, successors and assigns in interest.  If,

however, Defendant sells all or substantially all of the restaurant located at 390

West Main St. in El Cajon, CA., to a person or entity not affiliated with

Defendant during the duration of this Decree, Defendant shall provide written

notice to the EEOC of any transfer of ownership within (30) days after the

execution of a definitive agreement for the sale of the business or the actual date of the sale, whichever occurs first.

F.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

### IV.

### RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims and allegations by the EEOC against Defendant that were raised in the Complaint and any subsequent amendments filed in the United States District Court, Southern District of California, captioned U.S. Equal Employment Opportunity Commission v. Hometown Buffet, Inc., et. al., Case No. 06-CV-2150 (the "Complaint").

B.      Nothing in this Decree shall be construed to preclude from the EEOC from bringing suit to enforce this Decree in the event that defendant fails to perform the promises and representations contained herein.

C.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

# V.

## <u>JURISDICTION</u>

A.    The EEOC and Defendant stipulate to the jurisdiction of the Court for the purposes of approving this Decree and the enforcement of the terms of this Decree. The date this Court approves this Decree shall be referred to herein as "the Effective Date."

# VI.

## <u>MODIFICATION AND SEVERABILITY</u>

A.    This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.    By mutual written agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The parties expressly agree that if the Commission has reason to believe that Defendant has failed to comply with any provision of this Consent Decree relating to injunctive or equitable relief, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes Defendant has breached. Absent a showing that the delay will cause irreparable harm, Defendant shall have sixty (60) days to attempt to resolve or cure the breach.

B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.      After sixty (60) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendant is shown to be in breach of the Decree.

[PROPOSED] CONSENT DECREE; ORDER

# VIII.

## <u>MONETARY RELIEF</u>

A.     In settlement of the Actions, Defendant shall compensate the Charging Parties and class members, or heirs and assigns in the event of an individual's death, as follows:

a.     <u>Charging Party Yesica Owen ("Owen")</u>

In full and final satisfaction of any and all amounts due to Owen, the Defendant and Plaintiffs hereby agree that all claims asserted or that could have been asserted in the Actions against Defendant shall be fully and finally resolved as follows:  Owen shall have an allowed unsecured nonpriority claim in the Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand dollars ($25,000) (the "Owen Allowed Claim"), which will be an unsecured, non-priority claim for alleged compensatory damages, and shall be paid as a "Convenience Claim" pursuant to the confirmed Plan.  Other than the Owen Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy Case by Owen or on Owen's behalf shall be deemed disallowed and expunged by agreement of the Parties without further order of the Bankruptcy Court.

b.     <u>Charging Party Eliza Navarrette aka Ana Luisa Arimendiz ("Navarrette")</u>

In full and final satisfaction of any and all amounts due to Navarrette, the

7

[PROPOSED] CONSENT DECREE; ORDER

Defendant and Plaintiffs hereby agree that all claims asserted or that could have been asserted in the Actions against Defendant shall be fully and finally resolved as follows:  Navarrette shall have an allowed unsecured nonpriority claim in the Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand dollars ($25,000) (the "Navarrette Allowed Claim"), which will be an unsecured, non-priority claim for alleged compensatory damages, and shall be paid as a "Convenience Claim" pursuant to the confirmed Plan.  Other than the Navarrette Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy Case by Navarrette or on Navarrette's behalf shall be deemed disallowed and expunged by agreement of the Parties without further order of the Bankruptcy Court.

  c. <u>Charging Party Julia Lopez ("Lopez")</u>

   In full and final satisfaction of any and all amounts due to Lopez, the Defendant and Plaintiffs hereby agree that all claims asserted or that could have been asserted in the Actions against Defendant shall be fully and finally resolved as follows:  Defendant will pay Lopez $35,000 for alleged personal injury incurred after Defendant commenced the Bankruptcy Proceeding.  During the duration of this Decree, Defendant agrees that it will provide up to twenty (20) counseling sessions to Lopez to address alleged harm occurring after the commencement of Defendant's Bankruptcy Proceeding through Defendant's Employee Assistance

[PROPOSED] CONSENT DECREE; ORDER

Program at Defendant's expense.  Prior to receiving the above described

compensation, Lopez will sign a Separate Release to which the EEOC is not a

party.  Lopez was advised to consult an attorney and an attorney shall be provided

to her up to one hour of consultation to be paid by the Defendant.

      d.    <u>Charging Party Eva Chavez ("Chavez")</u>

In full and final satisfaction of any and all amounts due to Chavez, the

Defendant and Plaintiffs hereby agree that all claims asserted or that could have

been asserted in the Actions against Defendant shall be fully and finally resolved

as follows:  Chavez shall have an allowed unsecured nonpriority claim in the

Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand

dollars ($25,000) (the "Chavez Allowed Claim"), which will be an unsecured, non-

priority claim for alleged compensatory damages, and shall be paid as a

"Convenience Claim" pursuant to the confirmed Plan.  Other than the Chavez

Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy

Case by Chavez or on Chavez's behalf shall be deemed disallowed and expunged

by agreement of the Parties without further order of the Bankruptcy Court.

      e.    <u>Charging Party Amy Dwyer ("Dwyer")</u>

In full and final satisfaction of any and all amounts due to Dwyer, the

Defendant and Plaintiffs hereby agree that all claims asserted or that could have

been asserted in the Actions against Defendant shall be fully and finally resolved

[PROPOSED] CONSENT DECREE; ORDER

as follows:  Dwyer shall have an allowed unsecured nonpriority claim in the

Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand

dollars ($25,000) (the "Dwyer Allowed Claim"), which will be an unsecured, non-

priority claim for alleged compensatory damages, and shall be paid as a

"Convenience Claim" pursuant to the confirmed Plan.  Other than the Dwyer

Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy

Case by Dwyer or on Dwyer's behalf shall be deemed disallowed and expunged by

agreement of the Parties without further order of the Bankruptcy Court.

      f.    <u>Charging Party Vanessa Sisk ("V. Sisk")</u>

      In full and final satisfaction of any and all amounts due to V. Sisk, the

Defendant and Plaintiffs hereby agree that all claims asserted or that could have

been asserted in the Actions against Defendant shall be fully and finally resolved

as follows:  V. Sisk shall have an allowed unsecured nonpriority claim in the

Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand

dollars ($25,000) (the "V. Sisk Allowed Claim"), which will be an unsecured, non-

priority claim for alleged compensatory damages, and shall be paid as a

"Convenience Claim" pursuant to the confirmed Plan.  Other than the V. Sisk

Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy

Case by V. Sisk or on V. Sisk's behalf shall be deemed disallowed and expunged

by agreement of the Parties without further order of the Bankruptcy Court.

[PROPOSED] CONSENT DECREE; ORDER

g.    Charging Party Samantha Sisk ("S. Sisk")

In full and final satisfaction of any and all amounts due to S. Sisk, the Defendant and Plaintiffs hereby agree that all claims asserted or that could have been asserted in the Actions against Defendant shall be fully and finally resolved as follows:  S. Sisk shall have an allowed unsecured nonpriority claim in the Defendant's chapter 11 Bankruptcy Case in the amount of twenty-five thousand dollars ($25,000) (the "S. Sisk Allowed Claim"), which will be an unsecured, non-priority claim for alleged compensatory damages, and shall be paid as a "Convenience Claim" pursuant to the confirmed Plan.  Other than the S. Sisk Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy Case by S. Sisk or on S. Sisk's behalf shall be deemed disallowed and expunged by agreement of the Parties without further order of the Bankruptcy Court.

h.    EEOC Class Fund

In full and final satisfaction of any and all amounts due to EEOC or class of similarly situated individuals identified by EEOC, the Defendant and EEOC hereby agree that all claims asserted or that could have been asserted in the Actions against Defendant shall be fully and finally resolved as follows:  The EEOC shall have an allowed unsecured nonpriority claim in the Defendant's chapter 11 Bankruptcy Case in the amount of five hundred thousand dollars ($500,000) (the "EEOC Allowed Claim"), which allowed, unsecured nonpriority claim shall be

satisfied pursuant to the confirmed Plan.  Other than the EEOC Allowed Claim, any and all claims filed in the Defendant's chapter 11 Bankruptcy Case by the EEOC or on the EEOC's behalf relating to the Actions, shall be deemed disallowed and expunged by agreement of the Parties without further order of the Bankruptcy Court.  The EEOC's Allowed Claim will be disbursed  and allocated by Defendant as follows: $200,000 assigned to Julia Lopez; $100,000 assigned to Yesica Owen; $100,000 assigned to Ana Luisa Arimendiz aka Eliza Navarrette; $50,000 assigned to Eva Chavez; and $50,000 assigned to Amy Dwyer ("Assignments").  All Assignments are subject to the provisions of the Plan regarding the Debtors' obligations regarding de minimis distributions and distributions of fractional shares.

B.	All settlement proceeds for the Charging Parties shall be characterized as non-wage compensatory damages because the EEOC has not asserted any wages in its action against the Defendant in its First Amended Complaint. Defendant shall prepare and distribute 1099 tax reporting forms to the Charging Parties and class members referenced above, and shall make appropriate reports to the Internal Revenue Service and other tax authorities if appropriate.

C.	Each of the Charging Parties is solely responsible for any and all taxes on any settlement proceeds if appropriate.

D.	Within fifteen (15) business days of the issuance the settlement checks and

the EEOC Allowed Claims, Defendant shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

E.      Any Charging Party identified as having an allowed claim who did not file a claim shall be deemed to have timely filed a claim which will be allowed in the amount of $25,000 as set forth above.

## IX.

### INDIVIDUAL INJUNCTIVE REMEDIES

Defendant agrees that if the Charging Parties or class members apply for employment with Defendant in the future, they will be treated the same as any other applicant and that their participation in this Action shall in no way be a factor in the decision as to whether Defendant offers them employment.

Defendant agrees to segregate in separate, confidential folders all documents related to the EEOC's Charge of Discrimination and the EEOC's lawsuit as to each Charging Party and class member.  These documents shall not be a part of the personnel file. Further, Defendant agrees not to reference any of the foregoing to any potential employers of the Charging Parties or class members.

Upon request, Defendant agrees to provide prospective employers her dates of employment and last position held and each Charging Party and class member

[PROPOSED] CONSENT DECREE; ORDER

agrees to direct such requests to Defendant's corporate office located at 1460 Buffet Way, Eagan, Minnesota 55121 with telephone number 651-365-2591.

## X.

## GENERAL INJUNCTIVE RELIEF

### A.    Non-Discrimination

1.    Title VII Discrimination Based on Sex

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) harassing or tolerating harassment  against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

2.    Retaliation

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because

[PROPOSED] CONSENT DECREE; ORDER

he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

**B.     Posting**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post notice in the form attached as **Exhibit "A"**, in a clearly visible location frequented by employees. The notice shall  be posted in both English and Spanish, and remain posted for the duration of this Decree.

**C.     Annual Title VII Training**

Within ninety (90) days after the Effective Date, all of Defendants' managerial/supervisory employees shall be required to attend an intensive in-person training program of at least two (2) hours conducted on Title VII and the Defendant's policies and procedures relating to Title VII discrimination, retaliation, Defendant's workplace expectations, Defendant's Respectful

Workplace policy, and Defendant's procedures and policy regarding how to handle complaints of Title VII discrimination and sexual harassment.

All staff/hourly employees shall be required to attend an in-person training program of at least one (1) hour conducted on Title VII and the Defendant's policies and procedures relating to discrimination, retaliation, Defendant's workplace expectations, Defendant's Respectful Workplace policy, and Defendant's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

1.      The training shall be mandatory and occur once every year for the term of this Decree. Any manager, supervisor, or employee who failed to attend scheduled training shall be trained within (30) days of the live training set forth above and can be done via videotape.

2.      At least one training session each year shall be conducted in Spanish for any employee, manager, or supervisor whose primary language is Spanish.

3.      All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, Title VII discrimination, harassment, retaliation, Defendant's workplace expectations, Defendant's Respectful Workplace policy, and Defendant's policies and procedures for reporting and handling complaints of Title VII discrimination, harassment and retaliation.

4.     The training for supervisors and managers shall additionally include training on how to properly handle and investigate complaints of Title VII discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

5.     For the remainder of the term of this Decree, all new managerial and supervisory employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial training within thirty (30) days of hire or promotion.

6.     After the initial training as specified above, all managerial and supervisory employees shall receive the training at least annually thereafter for the remainder of the term of this Decree.

7.     All employees required to attend such training shall verify their annual attendance in writing.

8.     Within ten (10) days after the completion of the training, validation that the training has been completed will be provided to Anna Park of the EEOC (or some other designated representative) by Senior Employee Relations Manager, Megan Lunsford (or some other designated representative) during the term of the Decree.

[PROPOSED] CONSENT DECREE; ORDER

**D.      Policies Concerning Discrimination and Harassment**

Defendant shall, within ten (10) business days after the Effective Date, provide a copy to the Commission of its policies and procedures, in both English and Spanish, prohibiting Title VII discrimination and sexual harassment that shall include:

  1. A clear explanation of prohibited conduct;

  2. Assurance that employees who make complaints of Title VII harassment/ discrimination or provide information related to such complaints will be protected against retaliation;

  3. A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (i.e., managers) and external to Defendant (i.e., Corporate Human Resources) to whom employees may report Title VII discrimination and retaliation, including that the employee may report the discriminatory behavior to designated persons outside their chain of management;

  4. Assurance that the employer will protect the confidentiality of Title VII harassment/discrimination complaints to the extent possible;

  5. A complaint process that provides a prompt, thorough, and impartial investigation;

6.      Assurance that bilingual staff in Spanish and English are available for making complaints;

7.      Assurance that Defendant will take immediate and appropriate corrective action when it determines that Title VII prohibited harassment/discrimination and/or retaliation has occurred; and

8.      Assurance that Defendant's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree.

The EEOC shall have the right to reasonably comment on the policies and procedures within forty-five (45) days of receipt[1]. Defendant shall review the EEOC's comments and have the discretion to decide whether to incorporate the suggested changes.  If the EEOC and Defendant agree that the reviewed policies and procedures require revision, Defendant shall distribute and confirm distribution of the revised policies and procedures at the training provided for in this Decree.  The revised policies and procedures shall be distributed to all employees, including management/supervisory staff, and shall be included in any relevant policy or employee manuals distributed to Defendant's employees. Defendant shall maintain acknowledgments from each employee who receives the revised policy.  Throughout the term of this Decree, Defendant shall also post the

---

[1]  The EEOC shall differentiate between stylistic comments and legally required components and identify what suggestions it believes are legally required.

revised policy, in both English and Spanish, at a place that is clearly visible to all employees at each of its facilities covered by this Decree in a legible font at least 16 points in size.

**E.      Performance Evaluations**

For the upcoming review cycle, Defendant shall ensure that performance evaluations for mangers and supervisors include compliance with Defendant's Title VII Anti-Discrimination and Retaliation Policies and Procedures.

**F.      Complaint Procedure**

Within ninety (90) days of the Effective Date, Defendant shall ensure that it has publicized an internal complaint procedure in both English and Spanish to provide for the reporting, investigation and, if appropriate, remedying of complaints of Title VII discrimination and/or retaliation.  Defendant shall reaffirm it's established toll-free number relating to EEO complaints and shall disseminate it to all of its employees. The employees shall be informed that a complaint can be logged at any time in either English or Spanish.

**G.      Reporting Requirements**

Defendant agrees that during the Consent Period, Megan Lunsford (or some other designated representative), shall report to Anna Park (or some other designated representative) of the EEOC any and all charges or complaints

20

alleging violation of Title VII concerning the restaurant located at 390 West Main Street in El Cajon, California of which Defendant is aware of. The report shall be made on an annual basis from the Effective date. The report shall describe the discrimination and/or retaliation complaints made from the Effective date.  This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of Defendant's employee(s) who investigated or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report.

The report shall also confirm the following:

a.    confirmation of the establishment or review of performance evaluation measures for supervisors/managers;

b.    confirmation of dissemination of the policies and procedures and the toll free hotline number to all employees; and

c.    confirmation of the training set forth in the Decree.

# XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

# XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

# XIII.

## MISCELLANEOUS PROVISIONS

A.      Notwithstanding any provision to the contrary in the Plan or the Order confirming the Plan,  nothing shall discharge the EEOC's  right to enforce any injunctive and equitable relief remedies under this Decree, provided, however, that liquidation of any monetary claim is subject to the Plan, the Order confirming the Plan, and the jurisdiction of the Bankruptcy Court.

B.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall

1 | simultaneously inform the EEOC of same.

C.    During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

D.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: 7/21, 2009          By: _____
                               Anna Y. Park
                               Connie K. Liem
                               Lorena Garcia
                               Attorneys for Plaintiff

HOMETOWN BUFFET, INC.

Dated: 6/25, 2009          By: _____
                               Charles Hoge
                               Lauren Butz
                               Attorneys for Defendant

23
[PROPOSED] CONSENT DECREE; ORDER

**[PROPOSED ORDER]**

**GOOD CAUSE APPEARING:**

The Court has reviewed the terms of this Consent Decree and hereby deems the provisions set forth herein are fair and serves the public interest.  The Court shall retain jurisdiction of this matter for the term of the Decree.  Compliance with all provisions therefore are approved is **HEREBY ORDERED, ADJUDGED AND DECREED.**

**IT SO ORDERED.**

Dated: _____          _____
                                                  United States District Court Judge

---

24

[PROPOSED] CONSENT DECREE; ORDER

## NOTICE TO THE EMPLOYEES OF
## HOMETOWN BUFFET, INC.

## THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE ENTERED
## INTO BETWEEN THE EEOC AND HOMETOWN BUFFET, INC.

1.    Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, including pregnancy or pregnancy related condition, race, color, religion, national origin, age, or disability with respect to compensation, hiring, or other terms, conditions or privileges of employment.

2.    HomeTown Buffet, Inc. supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or receiving compensation for the settlement of any employment discrimination claim.

3.    An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U.S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

HomeTown Buffet, Inc.

BY: Jane Binzak
ITS: EVP of Human Resources

**Questions concerning this notice may be addressed to:**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**555 West Beech St., Suite 504**
**San Diego, CA. 92101**
**(800) 669-4000**

**EXHIBIT A**